IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DIANNE WELSH<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ADVISORS TRUST<br>OF SOUTH DAKOTA, INC.<br><br>Defendant. | 4:21-CV-__4018__<br><br><br>COMPLAINT |

For her Complaint against the Defendant, National Advisors Trust of South Dakota, Inc., the Plaintiff, Dianne Welsh, states as follows:

**Parties**

1. Plaintiff Dianne Welsh is a former employee of CSR, Incorporated and is a participant in the CSR, Incorporated Employee Stock Ownership Plan.

2. Defendant National Advisors Trust of South Dakota, Inc. ("NATSD"), is the duly-designated trustee of the CSR, Incorporated Employee Stock Ownership Plan. NATSD is organized under the laws of the State of South Dakota and has its principal place of business in Sioux Falls, South Dakota. By virtue of its designation as trustee, and by virtue of its control over plan assets, NATSD is a fiduciary of the CSR, Incorporated Employee Stock Ownership Plan.

**Jurisdiction and Venue**

3. The Plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Court has jurisdiction under 29 U.S.C. § 1132.

1

4. The CSR, Incorporated Employee Stock Ownership Trust is administered in Sioux Falls, South Dakota, where the defendant has its principal place of business. Venue is proper in the Southern Division of the District of South Dakota.

**Facts**

5. CSR, Incorporated ("CSR") is a consulting business organized under the laws of the District of Columbia, with its principal place of business in the State of Virginia.

6. In 1985 CSR established the CSR, Incorporated Employee Stock Ownership Plan ("ESOP"), an employee pension benefit plan subject to ERISA, established for the exclusive benefit of employees of CSR and their beneficiaries.

7. Also in 1985, CSR established the CSR, Incorporated Employee Stock Ownership Trust ("Trust"). The principal purpose of the Trust is to safeguard the ESOP's assets.

8. Under the terms of the governing plan documents, authority to appoint the trustee of the Trust is vested in the CSR Board of Directors.

9. On September 25, 2018, the CSR Board of Directors appointed NATSD as trustee of the Trust.

10. The Plaintiff was, at all times relevant to this action, an employee of CSR, and by virtue of that employment, became a participant in the ESOP.

11. Although the Plaintiff is no longer employed with CSR, she has an account balance in the ESOP and, therefore, remains a participant in the Plan.

12. Although the ESOP is designed to permit participants to invest in CSR, both federal law and the plan document establish diversification and distribution rules intended to protect the retirement benefits of employees who leave employment.

13. By way of example and not of limitation, the trustee is required to segregate and convert to cash the account balances of participants who terminate employment.

14. By way of example and not of limitation, the trustee is required to distribute a participant's account to the participant beginning not later than one year following a participant's retirement in five equal installments over the ensuing five years.

15. The Plaintiff terminated employment in 2013. In violation of law and of the terms of the plan, her account in the ESOP was not segregated and converted to cash upon her termination of employment.

16. Following the termination of her employment, the Plaintiff also requested that her retirement benefit be paid to her. The Plaintiff received a partial retirement in one year, a much smaller payment the second year, and has received no payments since that time. In violation of law and of the terms of the plan, the balance of the Plaintiff's benefit remains undistributed. Defendant NATSD has taken no steps to rectify the violations.

## Count I – Breach of Fiduciary Duty

17. The foregoing allegations are incorporated by reference as if fully rewritten herein.

18. The Plaintiff brings this claim for breach of fiduciary duty under 29 U.S.C. § 1132 and seeks appropriate equitable relief, including but not limited to an accounting and the equitable remedy of surcharge.

19. Promptly upon its appointment as trustee, NATSD had a duty to remedy the statutory and plan violations, to segregate and convert to cash the Plaintiff's account, and to resume distributions to the Plaintiff. NATSD breached its duty by failing to do so.

20. NATSD also has a duty, under the common law and under ERISA, to inform plan participants of the violations and to develop and communicate to the participants a plan to remedy the errors. NATSD breached its duty by failing to do so.

21. NATSD has a duty to distribute the assets of the trust to terminating and retiring participants in a fair and neutral manner. NATSD has breached this duty by distributing assets to selected beneficiaries in an arbitrary manner.

22. NATSD also has a duty, under the common law and under ERISA, to act solely in the interests of the plan's participants and beneficiaries and independent of the interests of CSR. By way of example and not of limitation, NATSD breached this duty when it advised ESOP participants to vote in favor of CSR's proposed bankruptcy filing, which would have rendered the participants' accounts in the ESOP worthless.

23. Due to NATSD's breaches of fiduciary duty, which are continuing, the Plaintiff has been harmed and continues to suffer harm.

WHEREFORE, the Plaintiff, Dianne Welsh, demands judgment in her favor and against Defendant National Advisors Trust of South Dakota, Inc., as follows:

A. A determination that Defendant National Advisors Trust of South Dakota, Inc., breached its fiduciary duties to the ESOP and to the Plaintiff in one or more respects;

B. A determination that the Plaintiff has suffered harm as a result of the Defendant's breaches of fiduciary duty;

C. The equitable remedy of accounting, to be provided at Defendant's expense, to determine the amount of loss the Plaintiff has suffered as a result of Defendant's breaches of fiduciary duty;

D. A monetary award to the Plaintiff, whether through the equitable remedy of surcharge or otherwise, to make her whole for the losses caused by Defendant's breaches of fiduciary duty;

E. Pre-judgment and post-judgment interest;

F. Attorney's fees and the costs of this action; and

G. Such other and further relief as the Court determines to be equitable and just.

Dated this 5th day of February 2021.

                                                                    Respectfully submitted,

                                                                    */s/ Pamela Reiter*
Pamela R. Reiter
Shannon R. Falon
Johnson, Janklow, Abdallah & Reiter, LLP
PO Box 2348
Sioux Falls, SD 57101
pamela@janklowabdallah.com
shannon@janklowabdallah.com

and

Tony C. Merry
Benjamin K.P. Merry
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio 43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
bmerry@tmerrylaw.com
*Pro Hac Vice Motions to follow*

*Attorneys for Plaintiff*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DIANNE WELSH

## DEFENDANTS
NATIONAL ADVISORS TRUST OF SOUTH DAKOTA, INC.

**(b)** County of Residence of First Listed Plaintiff: Arlington County, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Minnehaha County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pamela Reiter - Johnson, Janklow, Abdallah & Reiter,
101 S. Main Ave., Sioux Falls, SD - 605-338-4304

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [X] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 1132

Brief description of cause:
Breach of Fiduciary Duty

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/5/2021

SIGNATURE OF ATTORNEY OF RECORD
*Pamela Reiter*

---

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____